### D. C. FRANKLIN v. S. S. McCORKLE.

PLEADINGS AND PRACTICE. *Trial by jury. Amendment.* Pleadings which fail to ask for trial by jury cannot be amended by asking for a jury at a subsequent term, and it is error to allow the amendment. The failure to demand a jury by either party is conclusively held to be an agreement to try without a jury.

FROM GIBSON.

Appeal from the Circuit Court of Gibson county. J. T. CARTHEL, J.

M. M. NEIL and SPL. HILL for Franklin.

J. S. COOPER for McCorkle.

TURNEY, J., delivered the opinion of the court.

This suit was commenced at the August term, 1880, of the circuit court of Gibson county. The declaration was filed August 19, 1880. Pleas were filed December 6, 1880, and on that day plaintiff in error continued the trial to the next term.

On December 24, 1880, defendant in error moved the court to allow an amendment of his declaration so as to demand a jury, which was allowed. This action of the court is excepted to.

The act of 1875, ch. 4, provides " that hereafter when any civil suit is brought in any of the courts of record in this State, whether such suit comes to such court by summons, appeal, *certiorari*, or otherwise, and which is now triable by jury, either party desiring a jury shall, in case of original suits, de-

Franklin *v.* McCorkle.

mand a jury in his first pleading, tendering an issue triable by jury, and, in the case of all . other suits, shall demand a jury within the first three days of the term; and if no such demand is made as aforesaid, and in the manner and time as aforesaid, the clerk shall place such cause on the docket, to be styled "the non-jury docket," and a failure to demand a jury as aforesaid shall be deemed and held, conclusively, an agreement of the parties to submit all issues and questions of fact to the decision of the judge without a jury," etc.

In *Travis* v. *Railroad*, 9 Lea, 232, this court speaking through Chief Justice Deaderick, says: "The act of 1875 requires, when suits are originally instituted in courts of record, that the party demanding a jury shall do so in his first pleading, and, upon failure to do so, it shall be conclusively held to be an agreement to try without a jury."

The clerk is required to keep two dockets, and ought to do so in compliance with the direction of the statutes. But it is the failure to demand a jury by either party that is conclusively held to be an agreement to try without a jury, and the failure of the clerk to keep the two dockets is no part of such agreement, and cannot impair the operation of the statute in respect to the jurisdiction of the court to try the case."

This authority is conclusive of the present case.

The demand for a jury was not made in the first pleadings, nor at the first term, but at a subsequent term and after issues joined.

The application to amend was based upon the fact that no non-jury docket had been kept and the court had made no rule of practice under the act. The statute is imperative. We have holden it constitutional, and must observe it.

Reversed.